S. K. ALDERDICE, Appellant, v. WAPELLO COUNTY et al.,
Appellees.

**TAXATION**: Assessment—Per-diem Compensation of Assessor. When
the compensation of an assessor is fixed on a per-diem basis, the
board of supervisors has power to fix the maximum time for which
the per diem will be allowed. (Sec. 5669, Code of 1924.)

Headnote 1:   37 Cyc. p. 981.

Headnote 1:   1 A. L. R. 276; 26 R. C. L. 526.

*Appeal from Wapello District Court.*—D. M. ANDERSON, Judge.

DECEMBER 14, 1926.

Action to recover salary as city assessor for parts of 1921,
1922, and 1923. Judgment for defendants, and plaintiff appeals.
—*Affirmed.*

*William A. Hunt, M. A. Roberts,* and *Merrill Gilmore,* for
appellant.

*W. W. Epps,* for appellees.

MORLING, J.—The board of supervisors fixed for each of the
years in controversy the amount of time for which compensation
would be allowed to the plaintiff as assessor. His claim is for
compensation for time in excess of that fixed, and is grounded
on the contention that Chapter 103, Laws of the Thirty-eighth
General Assembly, fixing his compensation, empowers the board
to fix the gross yearly amount and the rate of the per diem, but

not the time to be employed on a per-diem basis. The section reads as follows:

"Town assessors and assessors in cities of the second class, and their deputies shall receive the same compensation as township assessors, which shall be determined in the same manner and payable from the county treasury. In cities of the first class, including those under the commission form of government, the compensation of the assessor shall be not more than eighteen hundred dollars ($1,800.00) per annum, or not less than five dollars ($5.00) per day for the time actually employed, to be fixed by the board of supervisors; and that of the deputies not more than five dollars ($5.00) or less than three dollars and fifty cents ($3.50) per calendar day, Sunday excepted, for the time actually employed, to be fixed by the board of supervisors: Provided, that in cities under the commission form of government having a population of more than one hundred thousand the board of supervisors shall fix the compensation of the assessor not exceeding twenty-five hundred dollars ($2,500.00) per annum and the compensation of not more than two head deputy assessors at not exceeding fifteen hundred dollars ($1,500.00) per annum: Provided, however, that in cities where extra or special services are to be performed by the assessor the board of supervisors may by special contract with the assessor determine the compensation to be paid."

We may say in the first place that the fixing of the compensation at a gross amount for the year of not more than $1,800 would naturally involve an estimate of the time that would be required. It would hardly be expected that the board would be given authority to establish a flat salary for the year, for the evident purpose of fixing the maximum, and at the same time, in fixing a per diem, would not be authorized to put any limitation upon the number of days that would be paid for. The statute was enacted for the purpose of determining not the minimum compensation of the assessor, which would be for his benefit, but for the purpose of fixing the maximum compensation. Thereby the board of supervisors would know in advance the utmost that would have to be provided therefor by the tax levy. It is in the interest of publicity and public economy to fix a maximum.

Section 592, Code of 1897, provided that each township

assessor should receive in full for all services a sum to be fixed for the succeeding year not exceeding $2.00 ''for each day of 8 hours which said board determines may necessarily be required in the discharge of all the official duties of such assessor.'' Section 674 provided that city and town assessors should receive the same compensation as township assessors, which should be determined in the same manner. Section 592, Code Supplement, 1913, gave to the board of supervisors the same right to determine the number of days required. Section 674, 1913 Supplement, provided that city and town assessors ''shall receive the same compensation as township assessors, which shall be determined in the same manner and payable from the county treasury. Except, that in cities including those under the commission form of government having a population of 20,000 or over the compensation of the assessor shall not be more than $1,800 per annum, to be fixed by the board of supervisors. * * * Provided, however, that in cities where extra or special services are to be performed by the assessor, the board of supervisors may by special contract with the assessor determine the compensation to be paid.''

Unquestionably this section required the fixing of the gross maximum compensation of the assessor.

By referring back to Chapter 103, Acts of the Thirty-eighth General Assembly, it will be seen that the maximum compensation was required to be fixed when a gross salary was allowed. It was required to be fixed in the case of town assessors and assessors in cities of the second class. It was required to be fixed in cities under the commission form of government having a population of more than 100,000. In all cities where extra or special services were to be performed, the board might by special contract determine the compensation. The gross compensation, therefore, both for regular and extra or special services, was required to be fixed in advance in all cases, unless it was in the case of a per-diem allowance in cities of the first class. No reason for excepting them when a per diem was allowed is apparent.

We think that the intention of the legislature was to require the board, in allowing a per diem, to limit the time for which the per diem would be allowed, as well as to limit the per-diem rate.

The judgment is—*Affirmed.*

DE GRAFF, C. J., and EVANS and ALBERT, JJ., concur.